# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH POHL AND MEGAN CLANCY, HUSBAND AND WIFE,
Petitioners,
vs.
THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF DOUGLAS; AND THE HONORABLE NATHAN TOD YOUNG, DISTRICT JUDGE,
Respondents,
and
CARY LEE CHRISTIE AND BAMBI ALPERSON CHRISTIE, HUSBAND AND WIFE,
Real Parties in Interest.

No. 64725

FILED

JAN 2 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order disqualifying petitioners' counsel under Nevada Rule of Professional Conduct 1.18(c). We accord the district court broad discretion in attorney disqualification matters, *Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 54, 152 P.3d 737, 743 (2007), and must determine whether the district court manifestly abused its discretion in disqualifying counsel based on a consultation with a former prospective client.

On June 11, 2013, real party in interest Cary Christie called attorney Thomas J. Hall to discuss his rights to use a stone pathway,

located on the property belonging to his neighbors, petitioners Joseph Pohl and Megan Clancy. For the 15 years he and his wife, Bambi Christie, resided at their current property, the Christies used the stone pathway to access the beachfront area of Lake Tahoe. This changed after petitioners bought their property in 2012 and subsequently blocked the Christies' access. During his 20-minute consultation with Hall, Cary Christie discussed "the pathway at issue, the usage history of the pathway, and the legal ownership of the pathway," as well as "legal theories, facts, and a course of action," and scheduled a meeting for further discussion.

On June 13, 2013, Hall was scheduled to meet with the Christies at their property. The morning of that meeting, however, Hall discovered that petitioners were the neighbors against whom the Christies sought an easement, and because petitioners were Hall's current clients, he informed the Christies of his conflict and declined to represent them. The next day, Hall sent a letter to the Christies explaining that he has represented petitioners for over ten years, and stating:

> It was not until yesterday that I looked at the map and APN numbers, and realized that your concerns are with fencing the pathway to Lake Tahoe, which fencing was placed by Joseph Pohl. Thus, under the circumstances, I am unable to represent your interest in this matter in any regard.

Hall sent a copy of this letter to petitioners.

A little over a month later, on July 26, 2013, petitioners—represented by Hall—filed a complaint to quiet title against multiple defendants, including the Christies. The Christies filed a counterclaim to quiet title, seeking a prescriptive easement on the stone pathway. The Christies also moved to disqualify Hall, which the district court granted. The district court's order recognized that the Christies and Hall dispute

the "extent and correct characterization of the consultation." Nevertheless, the district court concluded that the language of NRPC 1.18, which states whether information "*could* be significantly harmful," favors a finding of disqualification based on the prejudice it may have on the Christies.

A petition for writ of mandamus is the proper vehicle for challenging an attorney disqualification order. *Nev. Yellow Cab*, 123 Nev. at 49, 152 P.3d at 740. When deciding attorney disqualification motions, district courts bear the difficult and delicate burden "of balancing competing interests: the individual right to be represented by counsel of one's choice, each party's right to be free from the risk of even inadvertent disclosure of confidential information, and the public's interest in the scrupulous administration of justice." *Id.* at 53, 152 P.3d at 743 (internal quotation omitted). As a general rule, doubts should "be resolved in favor of disqualification." *Id.* (internal quotation omitted).

Here, the district court disqualified Hall on the grounds that he violated paragraphs (b) and (c) of RPC 1.18,[1] which provides in relevant part:

> (a) A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.
>
> (b) Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client *shall not use or reveal that information*, except as Rule 1.9 would permit with respect to information of a former client.

---

[1]The 2014 amendments of RPC 1.18 were stylistic and do not affect our analysis.

(c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter *if the lawyer received information from the prospective client that could be significantly harmful* to that person in the matter . . . .

(Emphases added.) It is undisputed that Cary Christie is considered a former prospective client, falling within the purview of RPC 1.18. Thus, this court must determine whether the district court manifestly abused its discretion in deciding that Hall violated paragraphs (b) and (c) of RPC 1.18.

Paragraph (b) of RPC 1.18 concerns the revelation of confidential information. The Christies argue that Hall's written letter violated paragraph (b) because it revealed information that Hall learned in his initial consultation with Cary Christie. Specifically, it alerted petitioners of the substance of Cary Christie's consultation by stating: "your concerns are with fencing the pathway to Lake Tahoe, which fencing was placed by Joseph Pohl." Hall argues that "there is nothing in Rule 1.18 that would prohibit a lawyer from informing an existing client that he previously had been contacted by another party regarding a potential claim against the client." Hall cites to *State ex rel. Thompson v. Dueker*, 346 S.W.3d 390, 396 (Mo. Ct. App. 2011), to support his argument that "a conflict does not occur because of the mere 'fact of consultation.'" Hall's quotation is correct, but incomplete. *Dueker* provides that the mere fact a former prospective client had a consultation with an attorney does not, by itself, create a conflict of interest. *Id.* Rather, a conflict occurs "because of the passing of confidential information from the prospective client to the lawyer." *Id.* (internal quotation omitted).

It is generally accepted that the fact a prospective client consulted with an attorney is not protected by the attorney-client privilege, and, therefore, not confidential.[2] *See United States v. Robinson*, 121 F.3d 971, 976 (5th Cir. 1997) ("The fact of representation, or an attempt at securing it, is generally not within the privilege."); *State v. Adamson*, 665 P.2d 972, 985 (Ariz. 1983) ("Preliminary matters such as the fact of consultation, as well as the dates, places, and means of consultation, are usually outside the coverage of the privilege."). However, the substance of a consultation is protected by the attorney-client privilege and, therefore, must be maintained confidentially to comply with RPC 1.18(b).[3] Paragraph (b) incorporates the exceptions regarding the revelation of information in RPC 1.9(c), which allow an attorney to use

---

[2]In Nevada, the attorney-client privilege encompasses prospective clients. *See* NRS 49.045 (defining "client" to include one "who consults a lawyer with a view to obtaining professional legal services from the lawyer"); *see also* NRS 49.095.

[3]*United States ex rel. Barko v. Halliburton Co.*, 74 F. Supp. 3d 183, 189 (D.D.C. 2014) ("[A] consultation with a lawyer does not make underlying facts privileged, even though the substance of the discussion about those facts would be."); *Baez-Eliza v. Instituto Psicoterapeutico de P.R.*, 275 F.R.D. 65, 72 (D.P.R. 2011) ("[T]he attorney-client privilege applies only to communications that reveal the content of a legal consultation."); *Adamson*, 665 P.2d at 985 (stating that the prosecutor's question whether the witness met with an attorney about representation was legitimate, but a question asking whether conversation between the witness and the attorney concerned the bombing involved the substance of the conversation, which was privileged); *State v. Sheppard*, 763 P.2d 1232, 1234 (Wash. Ct. App. 1988) ("The substance of the consultations for which the fees were charged is protected by the privilege, and will remain privileged despite a requirement that the amount, source and manner of payment of the fee be disclosed.").

confidential information against a former client if "these Rules would permit or require" it or "when the information has become generally known."

Here, Hall revealed the substance of Cary Christie's consultation to petitioners. Without Cary Christie's permission, Hall disclosed the content of the consultation and breached confidentiality when he sent a copy of the letter to petitioners. Hall's defense that the confidential information "inevitably would have been disclosed during the course of discovery" does not warrant a preemptive disclosure of confidential client communications. RPC 1.9(c)(1) allows information to be used against a former client "*when* the information has become generally known," not before. (Emphasis added.) In this case, Hall disclosed the substance of the consultation in his letter dated June 14, 2013, over a month before petitioners filed their complaint to quiet title. Hall maintains that petitioners' complaint to quiet title was filed based on an issue unrelated to his June 14 letter. However, the timing of the complaint to quiet title is suspect, as it was filed a little over a month after Hall's letter informing petitioners that the Christies sought legal advice regarding petitioners' property. It was, therefore, not a manifest abuse of discretion for the district court to find that Hall received confidential information from the Christies that could have been significantly harmful to them.

In addition to violating paragraph (b) of RPC 1.18, the Christies argue that Hall violated paragraph (c), which concerns whether representation is appropriate. Hall claims that the district court abused its discretion because it appeared to rely on RPC 1.9, instead of RPC 1.18. This claim, however, is meritless. Although there is significant overlap

between 1.9 and 1.18, the district court distinguished the two rules by stating that RPC 1.18 requires that "the lawyer received information from the prospective client that *could be significantly harmful.*" The other elements of paragraph (c)—that the lawyer "not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter"—are undisputedly present in this case. Therefore, the district court focused exclusively on whether Hall received information that could be significantly harmful to the Christies. The district court answered that question in the affirmative based on the submitted affidavits.

Although the parties refer to the content of the consultation in generalized terms, the district court found, and neither party disputes, that Cary Christie and Hall had "at least one extended telephone conversation." Hall argues that the district court abused its discretion because the Christies did not provide specific evidence of the alleged confidential information disclosed in the consultation that could be significantly harmful to them. Hall cites to *Dueker*, which states: "specific evidence of the nature and substance of the information is required in Rule 4-1.18 proceedings to establish that it is 'significantly harmful;' speculative or hypothetical claims of harm are not enough." 346 S.W.3d at 396. Here, however, the Christies did provide specific evidence regarding the nature and substance of the consultation. *Dueker* does not require that the former prospective client divulge the specific statements made, just the "nature and substance." *Id.* The affidavits of Cary Christie satisfy this requirement by discussing the general topics of the potential claim for an easement.

Therefore, the district court did not manifestly abuse its discretion in concluding that Hall received confidential information that could be significantly harmful to the Christies. Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Pickering

_____, J.
Saitta

cc:    Hon. Nathan Tod Young, District Judge
Law Offices of Thomas J. Hall
Alling & Jillson, Ltd.
Douglas County Clerk